UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>　　　　Defendant. | Case No. 1:10-cv-1992 (ESH) |

## ANSWER

Defendant United States Department of Homeland Security ("DHS"), by and through undersigned counsel, respectfully answers the Complaint as follows:

1. This paragraph contains a characterization of Plaintiff's Complaint, which speaks for itself, and to which no response is required. To the extent a response is required, admit that Plaintiff is suing Defendant under the Freedom of Information Act ("FOIA"), but deny that Defendant is liable to Plaintiff.

2. The first and fourth sentences of this paragraph contain characterizations of Plaintiff's Complaint, which speaks for itself, and to which no response is required. The second sentence of this paragraph contains a characterization of Plaintiff's underlying FOIA request. The FOIA request, which is attached as Exhibit A, speaks for itself, and no response is required. In response to the third sentence of this paragraph, admit that Defendant has not, as of the date of this pleading, released any records directly to Plaintiff; however, Defendant's component, the

Transportation Security Administration ("TSA"), has posted numerous records on its public website that are, or may be, responsive to Plaintiff's request, and TSA provided Plaintiff with an interim response, including links to those records, on December 23, 2010.  The remainder of the third sentence of this paragraph consists of a conclusion of law to which no response is required.

### Jurisdiction and Venue

3.     This paragraph contains plaintiff's allegations concerning jurisdiction and venue, which are conclusions of law, to which no response is required.

### Parties

4.     The first five sentences of this paragraph contain Plaintiff's characterizations of itself, its purpose, and its activities, to which no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.  The sixth sentence in this paragraph is Plaintiff's characterization of this Court's findings in an unrelated case involving Plaintiff; those findings speak for themselves and Defendant respectfully refers the Court to the cited opinion for a complete and accurate statement of its contents.

5.     Admit.

### Facts

6.     Admit that in 2007 and 2008, TSA began deploying advanced imaging technology ("AIT") machines in limited field trials at United States airports as secondary screening units.

7.     Admit that AIT machines can be calibrated to produce three-dimensional images of individuals.  The term "detailed" is vague and is Plaintiff's characterization of the images produced by these machines, to which no response is required.

8. The term "experts" is vague and, as such, defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation.

9. Admit that TSA uses AIT systems to screen a percentage of passengers before they board flights at airports at which AIT systems have been deployed.

10. Admit.

11. Admit that TSA has stated that AIT systems would not be mandatory for passengers and that images produced by the AIT systems deployed at the airports cannot be stored, transmitted, or printed.

12. Deny except to admit that that images produced by AIT systems can be stored and transmitted only when in test mode at testing facilities.

13. Deny.

14. Deny.

15. Admit only that the House of Representatives passed H.R. 2200 on June 4, 2009. The remainder of this paragraph contains Plaintiff's characterizations of H.R. 2200, to which no response is required.  To the extent that a response is required, Defendant respectfully refers the Court to the text of H.R. 2200, which speaks for itself.

16. This paragraph contains Plaintiff's characterizations of the status of H.R. 2200, to which no response is required.  To the extent a response is deemed required, Defendant respectfully refers the Court to http://thomas.loc.gov for a complete and accurate representation of the status of the legislation.

17. Admit that TSA has installed approximately 446 AIT machines, which include both "backscatter" and "millimeter wave" machines, since June 2009.

18. Admit that on July 2, 2010, in the U.S. Court of Appeals for the D.C. Circuit, EPIC filed a petition for review concerning TSA's use of AIT and seeking, <u>inter alia</u>, an injunction preventing TSA from using AIT as a screening measure.

### The TSA's Full Body Scanner Program Places Air Travelers at Heightened Risk of Radiation-related Illness

19. The term "experts" is vague and, as such, defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation.

20. Deny.

21. Admit that four professors at the University of California-San Francisco wrote a letter to President Obama in April 2010 expressing concerns about potential health risks they asserted could be posed by backscatter AIT machines, and requesting what they termed a "second independent evaluation" of backscatter machines. The professors expressed no concerns about millimeter wave AIT machines in their letter.

22. Admit that news reports have quoted Dr. Brenner as making the quoted assertion with regard to backscatter machines. Defendant further avers that one such news report, located at http://articles.cnn.com/2010-11-12/travel/body.scanning.radiation_1_backscatter-radiological-research-radiation, also states that according to Dr. Brenner, "[t]he risk of harmful radiation exposure from backscatter scans is very small."

23. Deny. Defendant further avers that according to news reports, Professor Rez has speculated as to potential risks that might arise if TSA's backscatter machines were not properly maintained or operated, but these reports cite no evidence, from Professor Rez or otherwise, that TSA's backscatter machines are being improperly maintained or operated.

24. The term "other scientists and radiology experts" is vague and, as such, defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation.

### EPIC Submitted a FOIA Request to DHS Regarding the Radiation Risks of TSA's Full Body Scanner Program

25. Admit. Defendant further avers that EPIC's request was received by the DHS FOIA office on July 20, 2010.

26. Admit that EPIC, in its letter dated July 13, 2010, requested expedited processing of its FOIA request on the bases stated. To the extent that EPIC alleges that its request met the criteria for expedited processing under 5 U.S.C. § 552(a)(6)(E), such an allegation is a conclusion of law to which no response is required. To the extent a response is deemed required, deny.

27. Admit that EPIC, in its letter dated July 13, 2010, requested "News Media" fee status. To the extent that EPIC alleges that it is a "representative of the news media," such an allegation is a conclusion of law to which no response is required. To the extent a response is deemed required, deny.

28. Admit.

29. Deny.

### DHS Failed to Make a Determination Regarding EPIC's FOIA Request and Failed to Produce Any Documents

30. Admit.

31. Admit.

32. Admit.

33. Admit only that DHS, TSA, and S&T have not, through the date of the Complaint, released any records directly to Plaintiff. However, TSA has posted numerous records on its public website that are, or may be, responsive to Plaintiff's request, and TSA provided Plaintiff with an interim response, including links to those records, on December 23,

2010. TSA also held a conference call with plaintiff to discuss the scope of the request on December 17, 2010.

34. Deny. DHS, as set forth in its letter to EPIC on July 29, 2010, determined that the requested records were held by TSA and S&T and referred EPIC's request to those components for a direct response. S&T, as set forth in its letter to EPIC on September 8, 2010, determined that the requested records belonged to TSA, and accordingly referred the records to TSA for a direct response to EPIC. TSA's August 12, 2010 letter to EPIC constituted a determination regarding EPIC's request for the fee waiver, expedited processing, and news media status. Moreover, TSA determined that certain records responsive to EPIC's request had already been made publicly available and referred EPIC to those records in its letter of December 23, 2010.

### TSA Denied EPIC's Requests for Expedited Processing and a Fee Waiver

35. Admit.

36. Admit.

37. Admit that as of the date of the Complaint, TSA had not made a determination as to EPIC's administrative appeal of TSA's denial of a fee waiver and expedited processing. Defendant further avers, however, that on November 24, 2010, Kimberly Walton of TSA's Office of Special Counselor sent EPIC a letter affirming the denial of expedited processing, but agreeing to waive fees.

### S&T Denied EPIC's Request for a Fee Waiver

38. Admit.

### S&T Identified Responsive Agency Records, But Failed to Disclose the Documents

39. Admit.

40. Admit that S&T did not release any records to plaintiff.  Defendant further avers that, as stated in S&T's September 8 letter, S&T determined that these records originated with TSA and pursuant to 6 C.F.R. 5.4(c)(2), sent these records to TSA for review and determination for releasibility.

41. Admit that TSA and S&T have not, as of the date of this pleading, released any records directly to Plaintiff; however, TSA has posted numerous records on its public website that are, or may be, responsive to Plaintiff's request, and TSA provided Plaintiff with an interim response, including links to those records, on December 23, 2010.  TSA also held a conference call with plaintiff to discuss the scope of the request on December 17, 2010.  Moreover, pursuant to 6 C.F.R. 5.4(c)(2), S&T referred EPIC's request to TSA for a direct response.

### EPIC Filed an Administrative Appeal with TSA

42. Admit.

43. Admit that EPIC's October 21, 2010 appeal alleged that TSA failed to make a timely determination regarding EPIC's request, and renewed EPIC's request for news media status.  Deny that EPIC's letter renewed EPIC's request for expedited processing.

44. Admit that TSA's November 5, 2010 letter contains the quoted excerpts, with the exception of the bracketed portions.

45. Admit that TSA's November 5, 2010 letter contains the quoted excerpts, with the exception of the bracketed portions.

46. This paragraph contains a legal conclusion to which no response is required.  To the extent that a response is deemed required, deny that the letter "unlawfully place[d] EPIC's appeal in a queue for processing FOIA requests[.]"

### EPIC Filed An Administrative Appeal With S&T

47.     Admit that EPIC transmitted an administrative appeal to the DHS Associate General Counsel (General Law) that pertained to S&T's responses to EPIC's FOIA request.

48.     Admit.

49.     Admit only that S&T has not provided a written response to EPIC's administrative appeal.  However, as stated in S&T's letter of September 8, S&T determined that any records in S&T's possession that were responsive to EPIC's request originated with TSA, and, pursuant to 6 C.F.R. 5.4(c)(2), sent these records to TSA for review and determination for releasability.

### Count I
### Violation of the FOIA: Failure to Comply With Statutory Deadlines

50.     This paragraph realleges and incorporates all preceding paragraphs.  To the extent a response is deemed required, Defendant respectfully refers the Court to its responses to specific preceding paragraphs.

51.     This paragraph contains a legal conclusion to which no response is required.  To the extent a response deemed required, deny.

52.     This paragraph contains a legal conclusion to which no response is required.  To the extent a response is deemed required, deny.

53.     This paragraph contains legal conclusions regarding plaintiff's entitlement to injunctive relief, to which no response is required.  To the extent a response is deemed required, deny.

## Count II
### Violation of the FOIA: Unlawful Withholding of Agency Records

54. This paragraph realleges and incorporates all preceding paragraphs. To the extent a response is deemed required, Defendant respectfully refers the Court to its responses to specific preceding paragraphs.

55. This paragraph contains a legal conclusion to which no response is required. To the extent a response is deemed required, deny.

56. This paragraph contains a legal conclusion to which no response is required. To the extent a response is deemed required, deny.

57. This paragraph contains a legal conclusion to which no response is required. To the extent a response is deemed required, deny.

58. This paragraph contains legal conclusions regarding plaintiff's entitlement to injunctive relief, to which no response is required. To the extent a response is deemed required, deny.

Except to the extent expressly admitted or qualified above, Defendants deny each and every allegation of the Complaint. Defendant further denies that Plaintiff is entitled to any relief whatsoever.

The remainder of the Complaint is a prayer for relief to which no response is required. If a response is required, defendant denies that plaintiff is entitled to the relief requested or to any relief at all.

### Requested Relief

WHEREFORE, having fully answered the Complaint, defendant prays that the Court:

1. Deny Plaintiff's request to order Defendant to produce all responsive agency records identified in Defendant's September 8, 2010 to EPIC within five days of the Court's Order in this matter;

2. Deny Plaintiff's request to order Defendant to make a complete determination regarding EPIC's FOIA Request within ten days of the date of the Court's Order in this matter;

3. Deny Plaintiff's request to order Defendant to produce all agency records responsive to EPIC's FOIA request within ten days of the Court's Order in this matter;

4. Deny Plaintiff's request to order Defendant to recognize EPIC's "news media" fee status for the purpose of EPIC's FOIA Request, waive all duplication fees, and disclose all responsive agency records without charge;

5. Deny Plaintiff's request to order Defendant to grant EPIC's request for expedited processing;

6. Deny Plaintiff's request for an award of costs and reasonable attorneys' fees incurred in this action;

7. Deny all other relief sought by Plaintiff;

8. Enter judgment dismissing the Complaint with prejudice; and

9. Award Defendant such relief as the Court may deem appropriate.

Date: January 5, 2010

Respectfully submitted,

TONY WEST
Assistant Attorney General

RONALD C. MACHEN JR.
United States Attorney for
the District of Columbia

ELIZABETH J. SHAPIRO
Deputy Branch Director

        /s/ Jesse Z. Grauman
JESSE Z. GRAUMAN (Va. Bar No. 76782)
U.S. Department of Justice
Civil Division, Federal Programs Branch

Mailing Address:
Post Office Box 883
Washington, D.C.  20044

Courier Address:
20 Massachusetts Ave., N.W., Room 5374
Washington, D.C. 20001

Telephone:    (202) 514-2849
Fax:          (202) 616-8460
Email:        jesse.z.grauman@usdoj.gov

Attorneys for Defendants