# Exhibit 2
# Declaration of Bert Coursey

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

)
ELECTRONIC PRIVACY INFORMATION CENTER )
      Plaintiff, )
)
  v. )  Case No. 1:10-cv-1992 (ABJ)
)
THE UNITED STATES DEPARTMENT OF )
HOMELAND SECURITY, )
      Defendant. )
_____ )

## DECLARATION OF BERT COURSEY

I, Bert Coursey, hereby declare as follows:

1. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations made in accordance herewith.

2. I currently serve as the chief of the Standards Branch within the Test, Evaluation, and Standards Office ("TES") of the Science and Technology Directorate ("S&T"), a component of the Department of Homeland Security ("DHS").

3. The mission of TES is to develop standards for all types of equipment, products and services including standards for the detection of chemical, biological, radioactive, nuclear and explosives substances for use throughout DHS and the private sector.  As necessary or required, TES coordinates with other federal agencies to adopt appropriate standards and implement effective test and evaluation programs.

4. With regard to Advanced Imaging Technology ("AIT") systems, TES's role is to support TSA in their certifying and testing those systems before they are deployed at airports.

5.  I have a Ph.D. in physical chemistry and over 40 years of government service. I have been at DHS since 2002 and have served as the director of the Office of Standards (now chief of the Standards Branch) since March 2003.  I am a member of the senior executive service at the National Institute of Standards and Technology ("NIST") of the Department of Commerce ("DOC") and am currently on an assignment to DHS.

6.  Prior to my work at DHS, I served as Chief of the Ionizing Radiation Division in the NIST Physics Laboratory.  My duties at NIST required me to supervise radiation physicists who developed and maintained the national standards for all x-rays. These standards include mammography and dental x-rays, which are in the same energy region (although much higher dose rates) as the AIT backscatter machines. I have also served on expert review panels for the Department of Energy and for the Food and Drug Administration, Center for Devices and Radiological Health.

7.  As the chief of the Standards Branch, my job is to coordinate standards activities between DHS, DOC, NIST, and other federal agencies.  Specifically, I collect and harmonize the views of federal agencies in order to present the federal government's views to independent bodies that develop voluntary consensus standards, such as the Institute of Electrical and Electronics Engineers ("IEEE") or the American National Standards Institute ("ANSI").

8.  One of my areas of responsibility pertains to standards for explosive detection devices and X-ray screening.

9.  Although the majority of TES's work does not pertain to safety standards, I have been involved in work on safety standards for explosive detection systems deployed by DHS, including AIT, because of my expertise in this area.  I have worked with other federal

agencies that are more directly involved in radiation safety standards, including NIST and the FDA.  In addition, TES provides a certain amount of funding for those agencies to conduct radiation safety testing.

10. I am familiar with TES's obligations to produce responsive records under the Freedom of Information Act, 5 U.S.C. 552 ("FOIA"), as I have frequently been asked to search for records responsive to FOIA requests.  I have also been advised of these requirements by the S&T Office of Executive Secretary as well as DHS counsel.

11. The purpose of this declaration is to set forth the chronology of correspondence relating to the FOIA request by Plaintiff, the Electronic Privacy Information Center ("EPIC"), at issue in this action, to describe the search conducted at TES to identify responsive records, and to identify the basis for TES's decision to withhold certain information requested by EPIC pursuant to FOIA's exemptions, with the exception of certain confidential commercial information withheld pursuant to Exemption 4, and sensitive security information ("SSI") withheld under Exemption 3, which are separately explained in the declaration of Paul Sotoudeh.

**Scope of Search**

12. On January 19, 2011,[1] I received a "tasking" from the S&T Office of Executive Secretary to conduct a search pursuant to a request, dated July 13, 2010, by the Electronic Privacy

---

[1] Prior to January 19, 2011, TES had engaged in a search for records responsive to EPIC's request.  This search began on or about August 2, 2010.  TES located a small number of records, which it referred to TSA, and S&T notified EPIC of this fact on September 8, 2010.  See Exhibit B.  After a conference call between TSA and EPIC on January 19, 2011, during which EPIC indicated that it sought records that included internal agency e-mails and memoranda, TES was re-tasked to conduct a more expansive search.  This declaration discusses the scope of that search.

Information Center ("EPIC") under the Freedom of Information Act ("FOIA"), 5 U.S.C.
§ 552, which requested:

    a.  All records concerning TSA tests regarding body scanners and radiation emission
or exposure; and

    b.  All records concerning third party tests regarding body scanners and radiation
emission or exposure.

13. I received the "tasking" from the Office of the Executive Secretary on behalf of TES.  As
the designated "deputy" of TES and the Chief of the Standards Branch, I received the
tasking on behalf of all of TES.

14. I conducted a search for responsive records by searching my e-mail folder that I knew to
contain information related to radiation safety testing.  Given the breadth of topics that
my work covers, I keep my records organized in specific folders designated by subject
area.  Of these folders, only one included materials related to AIT radiation testing.

15. TES currently employs approximately 30 individuals.  Within TES, no other individuals
worked on issues related to radiation safety testing of AIT.  Accordingly, I believe that I
possessed all unique records at TES responsive to EPIC's FOIA request.

16. The Transportation Security Laboratory ("TSL") is a unit of TES.  I work closely with
TSL in certain areas, and in particular on issues related to X-Ray equipment standards
and testing.  Accordingly, I concluded that TSL would likely have records responsive to
EPIC's FOIA request as well.  I accordingly informed the S&T Office of Executive
Secretary, which in turn tasked TSL to perform its own search.  I was not involved in the
search or processing of records at TSL.

17. I manually examined the contents of the folder I knew to contain records related to AIT radiation safety testing.  In so doing, I eliminated numerous records that were not responsive to the request.

18. In determining the temporal scope of the search, I searched for records with an "end date" or "cutoff date" of January 19, 2011, because this was the date that I began the search on behalf of TES.  This date was used in accordance with 6 C.F.R. § 5.4(a), which states that "[i]n determining which records are responsive to a request, a component ordinarily will include only records in its possession as of the date the component begins its search for them."  Although I did not use a formal "start date," the effective "start date" of my search for responsive records was late December 2009, after the "Christmas Day Bombing" attempt, in which Umar Farouk Abdulmutallab attempted to detonate plastic explosives on a Northwest Airlines flight, because I became significantly more involved in issues related to AIT radiation testing at that time.

19. Specifically, following the foiled bombing attempt, the DHS Undersecretary for Science and Technology directed my division to generate a Fact Sheet on radiation safety standards for airport screening systems.  I communicated constantly with colleagues at TSA, OHA, NIST and FDA regarding development of this Fact Sheet to contain accurate and concise statements regarding standards required for testing AIT machines and interpretation of results of third party testing of the machines.  In addition, following the creation of the Fact Sheet, I was also consulted for input on other memoranda, documents, and requests for information pertaining to this subject matter.

20. In total, my search yielded over 400 electronic and paper documents.

21. I reviewed the responsive documents and made initial determinations to withhold certain records, or portions thereof, pursuant to FOIA's exemptions.

22. Because the responsive records concern the AIT program, which is implemented by the Transportation Security Administration ("TSA"), and because many of these records consist of correspondence to and from TSA personnel, TSA was consulted to assist in the processing of these records, consistent with 6 C.F.R. § 5.4(c)(1).  This DHS FOIA regulation states that "[w]hen a component receives a request for a record in its possession, it shall determine whether another component, or another agency of the Federal Government, is better able to determine whether the record is exempt from disclosure under the FOIA and, if so, whether it should be disclosed as a matter of administrative discretion."  The regulation further states that the receiving component may, if necessary, "[r]espond to the request regarding that record, after consulting with the component or agency best able to determine whether to disclose it and with any other component or agency that has a substantial interest in it."  TSA was accordingly consulted based on its substantial interest in the responsive records and its expertise in the subject matter.  In particular, TSA identified and processed TES and TSL records that potentially contained confidential business information and therefore implicated FOIA Exemption 4, as well as records that potentially contained Sensitive Security Information ("SSI").

23. As a result of this consultation and review, additional records were determined to be exempt from disclosure under FOIA and were accordingly withheld.  In addition, to avoid duplication and inconsistent withholdings, if identical records were found among the records of TSA, TSL, and TES, duplicates were eliminated where possible.

24. On June 21, 2011, TES released 603 pages, or portions thereof, of responsive, non-exempt records to EPIC.  The letter accompanying that release is attached as Exhibit A to the Declaration of Pamela Beresford.

25. On July 27, 2011, TES provided EPIC with a supplemental document release.  This release consisted of:

    a.  10 pages previously withheld in part that, upon further review, were determined to contain additional segregable non-exempt information and were accordingly released with fewer withholdings;

    b.  94 pages of emails and attachments that were previously withheld in full but, upon further review, were determined to contain segregable non-exempt information and were accordingly released in part;

    c.  One 9-page document that was determined to be releasable in full; and

    d.  One 7-page document that was originally withheld in full because it was protected by copyright, but was determined to be releasable after the copyright holder authorized TES to release the document in full.

26. In total, TES released to EPIC, in whole or in part, 713 pages.  TES withheld, in full, 648 pages, including 471 pages pursuant to Exemption 5 on the basis of the deliberative process privilege, and 177 pages pursuant to Exemption 4 because they were protected by copyright.

## Exemptions

27. The following paragraphs generally describe the records withheld by TES pursuant to FOIA exemptions.

28. The withheld records are described in greater specificity in the TES <u>Vaughn</u> index, which is attached as Exhibit A.

## **Exemption 6**

29. FOIA Exemption 6 protects from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(6).

30. The vast majority of the emails, and many of the attachments, that I processed contained email addresses, names of non-government officials, phone numbers, addresses, and/or signatures, which have been withheld.

31. Disclosing this type of information would constitute a clearly unwarranted invasion of the personal privacy of the individuals referenced in these records.  Moreover, the privacy interests of the individuals referenced in these records outweigh any minimal public interest in disclosure of the information.

32. The specific pages on which these redactions were made are referenced on the TES <u>Vaughn</u> index.

## **Exemption 5**

33. Under Exemption 5, FOIA's disclosure requirements do not apply to "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency."  5 U.S.C. § 552(b)(5).  The exemption has been interpreted to include, <u>inter alia</u>, the deliberative process privilege, the attorney-client privilege, and attorney work product.

34. TES has asserted Exemption 5 to withhold certain information protected under the deliberative process privilege.  The deliberative process privilege protects internal agency

communications that are both predecisional, that is, predating an agency decision or policy, and deliberative, that is, containing recommendations or opinions on legal or policy matters.  It therefore applies to records such as recommendations, evaluations, drafts, proposals, suggestions, and other subjective documents (and excerpts thereof) which do not reflect final agency policy.

35. There are three primary concerns recognized under the deliberative process privilege: (1) to encourage open and frank discussion of policy matters between subordinates and supervisors; (2) to protect against the premature disclosure of proposed policies before they become final; and (3) to protect against public confusion that might result from the disclosure of reasons and rationales that were not, in fact, the ultimate grounds for the agency's action.

36. As described more specifically in the attached <u>Vaughn</u> index, portions of the responsive records were withheld in part, and certain records were withheld in full, pursuant to the deliberative process privilege.  These records, or portions thereof, are internal government e-mails, memoranda, and other documents that contain policy deliberations, expressions of opinions, suggestions, draft documents (including many with changes and comments tracked), and comments on policy issues.

37. The records, or portions thereof, withheld pursuant to the deliberative process privilege fit into the following general categories:

   a. **Draft documents, and deliberations, comments, and opinions offered during the drafting of documents.**  This comprises the largest group of withholdings.  It includes:

9

i. **Deliberations and drafts concerning questions posed to DHS for Congressional hearings and to letters by members of Congress.** As explained more specifically in the <u>Vaughn</u> index, withholdings in this category were made on Bates pages 44-45, 80-82, 118-120, 186-189, 191-192, 555-56, 746-49, 951-58, 959-970, 971-72, 973-979, 980-82, 983-989, 990-1023, 1024-48, 1147-48, and 1187-88.

ii. **Deliberations and drafts concerning a federal government response to a Letter of Concern sent by four scientists from the University of California at San Francisco.** This letter, sent on April 6, 2010, raised concerns regarding AIT and radiation exposure. Numerous individuals were involved advising and assisting in the government's response letter, which was finalized later that year. This category of withholding comprises numerous drafts and deliberative emails that were exchanged leading up to the final response. As explained more specifically in the <u>Vaughn</u> index, withholdings in this category were made on Bates pages 46-47, 52, 113-115, 440-48, 535, 546, 839-860, 866-989, 896-907, 911-942, 943-44, 949-950, and 1101-1107.

iii. **Deliberations and drafts concerning a memorandum to the Undersecretary of DHS regarding AIT radiation safety.** In the spring of 2010, I assisted in producing a memorandum to the DHS Undersecretary of Science and Technology, Tara O'Toole, on AIT radiation safety to prepare her to respond to public concerns about the issue. This category of withholdings comprises numerous emails and

drafts on this topic that were exchanged prior to the generation of the final documents.  As explained more specifically in the <u>Vaughn</u> index, withholdings in this category were made on Bates pages 87-88, 608-610, 620-29, 631-35, 651-55, 662-64, 665-80, and 688-726.

iv. **Deliberations and drafts concerning a response to concerns raised about AIT and radiation by airline pilots.**  As explained more specifically in the <u>Vaughn</u> index, withholdings in this category were made on Bates pages 381-82, 384-86, 391-92, 395-401, and 1052-56.

v. **Deliberations and drafts concerning revisions to TSA's Privacy Impact Assessment regarding AIT.**  As explained more specifically in the <u>Vaughn</u> index, withholdings in this category were made on Bates pages 594-98.

vi. **Deliberations and drafts concerning a fact sheet on radiation exposure and AIT.**  Following the foiled Christmas Day attack of 2009, the DHS Undersecretary for Science and Technology directed my division to generate a Fact Sheet on radiation safety standards for airport screening systems.  I communicated with colleagues at TSA, OHA, NIST and FDA regarding development of this fact sheet to contain accurate and concise statements regarding standards required for testing Advanced Imaging Technology machines and interpretation of results of third party testing of the machines.  The withholdings in this category comprise draft versions, deliberations, and back-and-forth edits of the fact sheet.  As explained more specifically in the <u>Vaughn</u> index, withholdings in this category were

11

made on Bates pages 604-05, 741-42, 743-45, 750-52, 785-88, 792-838, and 1057-59.

vii. **Internal early working document comparing radiation exposure from different types of AIT machines.** This internal working document, Bates page 606, compiled estimates of radiation exposure from various types of AIT machines based on external, unverified data. This unverified data was not intended for public release and does not reflect an official position of DHS, and its release could generate confusion regarding actual radiation emitted by AIT machines.

viii. **Draft sections concerning radiation safety from TSA's AIT Standard Operating Procedure (SOP), as well as emails forwarding the draft SOP sections.** As explained more specifically in the <u>Vaughn</u> index, withholdings in this category were made on Bates pages 611-19.

ix. **Deliberations and drafts of a question-and-answer memorandum to the Secretary of DHS on AIT Radiation Safety.** As explained more specifically in the <u>Vaughn</u> index, withholdings in this category were made on Bates pages 753-84.

x. **Deliberations and drafts concerning a NIST "Technical Bulletin" on AIT and Radiation Safety.** As explained more specifically in the <u>Vaughn</u> index, withholdings in this category were made on Bates pages 1060-1100, 1108-1146, 1149-86, and 1205-1256.

b. **Recommendations for future steps to take regarding AIT safety.** These withholdings comprise sections of memoranda, emails, and other documents that

include recommendations and suggestions made by individuals as to future action

that the government might take with regard to AIT safety and with regard to

ensuring the reliability of safety testing data.  As explained more specifically in

the Vaughn index, withholdings in this category were made on Bates pages 68,

70, and 73.

c.  **Deliberations concerning the development of international standards on**

**ionizing radiation.**  As explained more specifically in the Vaughn index,

withholdings in this category were made on Bates pages 108-111, 789-90, and

861-64.

d.  **Deliberations and opinions concerning the public release of reports by Frank**

**Cerra on radiation and the Rapiscan Secure 1000 and AS&E Smart Check**

**systems.**  In 2006, Frank Cerra, who at the time was affiliated with NIST,

produced reports assessing the Secure 1000 system, manufactured by Rapiscan,

and the Smart Check system, manufactured by AS&E, for conformity with

radiological standards.  Withholdings in this category comprise expressions of

opinion and deliberations on publicly releasing these reports. As explained more

specifically in the Vaughn index, withholdings in this category were made on

Bates pages 157-162, 167-168, 356-58, 429-31, 434-39, 890-95, and 908-10.

e.  **General deliberations on policy matters concerning AIT.**  These withholdings

are too diverse to fit into any of the categories above, and generally comprise

suggestions, expressions of opinion, and deliberations concerning policy matters.

As explained more specifically in the Vaughn index, withholdings in this category

were made on Bates pages 8, 9, 10, 12, 14-15, 33-34, 75, 203-208, 352-55, 419,

421-22, 425-26, 459, 460, 461-62, 463-65, 466, 476-81, 487-88, 527, 550, 552,

586-88, 591-92, 599-602, 607, 636, 640-41, 645-47, 650, 656-58, 661, 681-84,

687, 727-28, 729-40, and 1049-51.

38. These deliberations and drafts involved federal personnel in the DHS Science &

Technology Directorate, the DHS Transportation Security Administration, the National

Institute of Standards and Technology, and the Food and Drug Administration.

39. Release of this material would expose the internal deliberations of these agencies, impede

the frank and candid exchange of ideas and information, reveal the reasoning and

recommendations of federal officials, and ultimately have a chilling effect on intra- and

inter-agency communications.  Release of offhand remarks, deliberations, suggestions,

opinions, and non-final draft documents would likely result in misleading and confusing

information reaching the public, and would also chill the candid discussions that are

critical for federal employees within DHS, NIST, FDA, and elsewhere to have as they

formulate federal policy.

**<u>Exemption 4</u>**

40. Exemption 4 of the FOIA protects "trade secrets and commercial or financial information

obtained from a person [that is] privileged or confidential."  5 U.S.C. § 552(b)(4).

41. Pursuant to Exemption 4, TES withheld eight documents from disclosure because they

are protected by copyright.  These documents are specified on the TES <u>Vaughn</u> index as

Withheld-in-full-copyright A through H, and include articles in scholarly publications as

well as published standards.  TES has withheld these documents to the extent that their

publishers or copyright owners have not made these documents available free of charge

online, as release of such documents would dilute the value of the copyright.

14

42. For the remainder of records withheld in full or in part pursuant to Exemption 4, because of its expertise in the subject matter, pursuant to 6 C.F.R. § 5.4(c)(1), TSA was consulted to determine which records pertaining to AIT system manufacturers were exempt from disclosure under Exemption 4. Further details regarding these withholdings are contained in the declaration of Paul Sotoudeh.

### Segregability

43. To the extent possible, non-exempt responsive records and portions thereof have been segregated and released to EPIC. Numerous records were released in part. As noted above, some records were re-released after it was determined they contained additional releasable non-exempt information. Records were withheld in full only when no meaningful non-exempt portions of such records remained.


Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.


Executed on: Sept. 12, 2011


Bert Coursey
Chief, Standards Branch
Test, Evaluation, and Standards Office
Science and Technology Directorate
Department of Homeland Security

15

# Exhibit A to
# Declaration of Bert Coursey
# (TES <u>Vaughn</u> Index)

**EPIC v. DHS, Civil Action 1:10-cv-1992**
**US District Court, District of Columbia**

**TES Vaughn Index**

**Records withheld in part**

| Bates numbers of TES record at issue | Pages with withholdings | Document/Email Title | Exemption applied | Explanation/Justification for Withholding |
|---|---|---|---|---|
| 2-7 | 6 | Emails Subject: *Body scanning -Status of N43.17* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| 8-13 | 6 | Emails Subject: *Interest in Personal Imaging Systems (x ray)* | (b)(6)<br><br>(b)(5) (Deliberative Process) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information.<br><br>Portions of these records are redacted pursuant to the deliberative process privilege. The redacted portions on pages 8, 9, and 12 reflect the authors' opinions, questions, and answers about the extent to which TSA or other government agencies have tested AIT devices for radiation.  The redacted portions on page 10 reflect suggestions of potential standards and technologies that DHS might want to develop or use in the future. |

| 14-15 | 2 | Email<br>Subject: *Radiation safety for x-ray body scanning* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| | | | (b)(5) (Deliberative Process) | Portions of these records are redacted pursuant to the deliberative process privilege. The redacted portions on page 14 reflect suggestions of potential standards and technologies that DHS might want to develop or use in the future.  The redacted portions on page 15 reflect the author's opinions about the extent to which TSA or other government agencies have tested AIT devices for radiation. |
| 19, 21, 25, 26, 30 | 5 | Email<br>*FW: FDA regs and other relevant documents for mfr of personnel screening systems* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| 31-32 | 2 | Email<br>Subject*: White papers.* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| 33-34 | 2 | Email<br>Subject: *Interest in Personal Imaging Systems (x ray).* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| | | | (b)(5) (Deliberative Process) | A portion of this e-mail is redacted pursuant to exemption (b)(5), the deliberative process privilege. The redacted portions reflect the authors' opinions, questions, and answers about the extent to which TSA or other government agencies have tested AIT devices for radiation. |

| 35-38 | 4 | Email<br>Subject: *Important Update Referencing White Papers.* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| 39-40, 42 | 3 | Email<br>Subject: *Transmission WBI - Part III.* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| 43 | 1 | Email<br>Subject: *Due COB Mar 2: QFR Response on Passenger Screening* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| 44-45 | 3 | Email<br>Subject :*Due 9 am Weds. March 17th- S1 QFR's from Jan. 20th Hearing (10-0007.19/857401).* | (b)(6)<br><br><br><br><br><br>(b)(5) (Deliberative Process) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information.<br><br>A portion of this e-mail is redacted pursuant to exemption (b)(5), the deliberative process privilege. The redacted portions of this e-mail chain reflect the author's suggested corrections to written answers to questions posed to an agency official at a Congressional hearing. |
| 46-47 | 2 | Email<br>Subject: *Dangers of Imaging.* | (b)(6)<br><br><br><br><br><br>(b)(5) (Deliberative Process) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information.<br><br>A portion of this e-mail is redacted pursuant to exemption (b)(5), the deliberative process privilege.  The withheld excerpt reflects the author's reflections as to how DHS should address the critiques raised in the attached letter from four USCF professors. |

| 52 | 1 | Email<br>Subject: *Dangers of Imaging.* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
|  |  |  | (b)(5) (Deliberative Process) | A portion of this e-mail is redacted pursuant to exemption (b)(5), the deliberative process privilege. The redacted portions of this e-mail chain reflect the author's opinions regarding how DHS should address the critiques raised in the letter from four USCF professors. |
| 57-58, 60, 61, 62 | 5 | Email<br>Subject: *Dangers of Imaging* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| 68, 70, 73 | 3 | Memo Briefing for Dr. O'Toole | (b)(5) | Portions of these memoranda are redacted pursuant to exemption (b)(5), the deliberative process privilege.   The redacted portions reflect the authors' recommendations for future action that DHS might consider taking to address the issues raised in the memoranda. |
| 74 | 1 | Email; subject:<br>AIT Radiation measurement standards and approved locations | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| 75 | 1 | Email<br>Subject: *Information.* | (b)(5) | Portions of these records were redacted pursuant to the deliberative process privilege.  The redacted portions discuss Rapiscan's intentions to develop a particular technology for use in the future, and the author's beliefs as to how that technology will be evaluated by the government. |
| 80-82 | 3 | Email<br>Subject: *OHA/TSA Getback.* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
|  |  |  | (b)(5) (Deliberative Process) | A portion of this e-mail is redacted pursuant to exemption (b)(5), the deliberative process privilege. The redacted portions of this e-mail chain reflect deliberations regarding the formulation of a response by |

| | | | | DHS to inquiries by Congress, including a draft version of the response to one question. |
|---|---|---|---|---|
| 83 | 1 | Email Subject: *Fact Sheet for Radiation Safety of Backscatter x-ray: Standards & Testing.* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| 87-88 | 2 | FW: Short form of memo on rad safety | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| | | | (b)(5) (Deliberative Process) | This record also contains information withheld pursuant to the deliberative process privilege.  The withheld portions contain preliminary versions, edits, and revisions of excerpts of a memorandum to the Undersecretary of DHS on AIT radiation safety. |
| 89-90 | 2 | Email Subject: *RE: Short form of memo on rad safety* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| 92-93 | 2 | Email Subject: *Fact Sheet on Standards and Testing for Radiation Safety for x-ray backscatter systems.* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |

5

| 95 | 1 | Email<br>Subject: *Backscatter response* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
|---|---|---|---|---|
| 101 | 1 | Email<br>Subject: *Body Scanner Radiation Safety Response* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| 102-103 | 2 | Letter to Dr. John Sedat | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| 108-111 | 4 | Email<br>Subject: *Rapiscan health and safety documents* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| | | | (b)(5) (Deliberative Process) | A portion of this e-mail is redacted pursuant to exemption (b)(5), the deliberative process privilege. The redacted portions convey the United Kingdom's views of a draft international standard on ionizing radiation, as well as a NIST official's opinion as to how to respond to the UK's concerns. |
| 113-115 | 3 | Email<br>Subject: *FW: RE: X-ray backscatter scanners: Letter to John Holdren.* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| | | | (b)(5) (Deliberative Process) | A portion of this e-mail is redacted pursuant to exemption (b)(5), the deliberative process privilege. The redacted portion describes the contents of a draft letter responding to scientists' concerns about AIT and radiation safety. |

| 118-120 | 3 | Email<br>Subject: *Hearing Invite - Wednesday, July 21, 2010 at 2:00 p.m.* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
|  |  |  | (b)(5) (Deliberative Process) | Portions of this e-mail are redacted pursuant to exemption (b)(5), the deliberative process privilege.  These portions contain deliberations and exchanges of opinions and advice among DHS personnel preparing for an upcoming congressional hearing. |
| 121-122 | 2 | Email<br>Subject: *Question on TSA Backscatter Work.* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| 123 | 1 | Email<br>Subject: *NIST/FDA Report.* | (b)(5) | A portion of this e-mail is redacted pursuant to exemption (b)(5), the deliberative process privilege.  The redacted portion contains the author's questions and opinions regarding the upcoming release of the 2006 NIST/FDA report on the Rapiscan Secure1000. |
| 124-155 | 2 | Assessment of the Rapiscan Secure 1000 Body Scanner for Conformance with Radiological Safety Standards | (b)(3) (49 U.S.C. § 114(r); 49 C.F.R. § 1520.5(b)(9)(vi)) (TES142) | Scatter phantom image generated by Rapiscan Secure 1000 |
|  |  |  | (b)(4) (TES127) | Name and model number of type of X-Ray tube used in Rapiscan Secure 1000. |
|  |  |  | (b)(4) (TES136) | Description of mechanical method used to shape X-Ray beam in Rapiscan Secure 1000 |
|  |  |  |  | This information is contained within a government report authored by Frank Cerra on the conformance of Rapiscan's Secure 1000 Scanner to radiological safety standards.  Mr. Cerra performed the work underlying this report while at the Food and Drug Administration's Center for Devices and Radiological Health ("FDA/CDRH"), but wrote the report when he was affiliated with the National Institute on Standards and Technology ("NIST").  The information withheld on page TES127 (name and model information) was obtained via a personal communication with Steve Gray of Rapiscan.   The information withheld in page TES136 (method used to shape X-Ray |

| | | | | |
|---|---|---|---|---|
| | | | | beam) was obtained either from the system itself used for testing, or from information provided by Rapiscan in connection with the testing.<br><br>The withheld information specified above is not of the type Rapiscan would normally release to the public.  Moreover, its release is likely to cause Rapiscan substantial competitive harm because it could enable competitors to more effectively design and build their own systems using Rapiscan's proprietary information.  Modica Decl. ¶¶ 4-7; Sotoudeh Decl. ¶¶ 54-58. |
| 157-162 | 6 | Email<br>Subject: *Re: FW: NIST/FDA Report* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| | | | (b)(5) (Deliberative Process) | A portion of this e-mail exchange is redacted pursuant to exemption (b)(5), the deliberative process privilege.  The redacted portion contains the author's questions and opinions regarding the upcoming release of the 2006 NIST/FDA report on the Rapiscan Secure1000. |
| 167-168 | 2 | Email<br>Subject: *Question on NIST Backscatter Work* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| | | | (b)(5) (Deliberative Process) | Portions of these records exchange were redacted pursuant to exemption (b)(5), the deliberative process privilege.  These portions reflect the tentative views of different federal agencies regarding certain matters related to the release of the 2006 NIST/FDA report. |
| 177 | 1 | Email, Subject: Bert - FYI - this is from this AM S1 briefing | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |

| 186-189, 191-192 | 6 | Email<br>Subject: *Letter to Secretary Napolitano, TSA Administrator Pistole attached* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| | | | (b)(5) (Deliberative Process) | A portion of this e-mail is redacted pursuant to exemption (b)(5), the deliberative process privilege. The redacted portions of this e-mail chain contain discussions by agency personnel regarding how to respond to a letter by Senators Collins, Burr, and Coburn. |
| 194-195 | 1 | Letter to Senator Susan M. Collins, Richard Burr, Tom Coburn | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| 203-208 | 6 | Email<br>Subject: *FW: Letter to Secretary Napolitano, TSA Adminstrator Pistole attached* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| | | | (b)(5) (Deliberative Process) | A portion of this e-mail is redacted pursuant to exemption (b)(5), the deliberative process privilege. The redacted portion reflect the agency's temporary decision regarding the release of certain letters to and from DHS/TSA. |
| 209, 216 | 1 | Email<br>Subject: *2400.4 TSA Rapiscan Secure 1000 Reports #1* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |

| 236-239, 241, 244, 247, 252-254, 260, 267-269, 272-276, 283, 301-304, 306, 309, 312, 317-319, 325, 332-334, 337-41, 348 | 38 | Radiation Safety Engineering Assessment Report for the Rapiscan Secure 1000 in Single Pose Configuration | (b)(3) (49 U.S.C. § 114(r) and 49 C.F.R § 1520.5(b)(9)(i))<br><br>(b)(4) | 268, 333: Sensitive Security Information ("SSI") describing scanning procedures utilized when using Rapiscan Secure 1000<br><br>Portions of this record are being withheld under exemption (b)(4), which  protects trade secrets and commercial or financial information obtained from a person that is privileged or confidential.  These portions contain specific confidential technical specification and operational settings, as well as component parts, of the Rapiscan Secure1000 system  Specifically, the redacted portions pertain to:<br><br>236, 301: Width of inspection aisle<br>237, 302: Description of method in which Rapiscan conducts vertical and horizontal scans; precise dimensions of scanner<br>238, 303: Precise dimensions of scanner<br>239, 304: Diagram of scanner that includes precise dimensions<br>241, 306: Revision levels of hardware boards and operating system software<br>244, 247, 309, 312: Current of x-ray source, descriptions of speed and movement of scanning mechanism<br>252, 317: Picture showing how the system images a structure simulating   human body and containing information on system imaging capability; and text containing information on system hardware operation and capability<br>253, 318: Pictures showing the internal design and components of the system<br>254, 319: Descriptions of specific proprietary system features, including shapes, mechanisms, and scanning times<br>260, 325: Description of specific system feature used to conduct scan<br>267-9, 332-34: Photograph and text depicting specific mode of the system, software operation and capability, and system image operator capability<br>272, 337: Maximum limits of X-Ray tube<br>273, 338: Description of particular system features, including phases, velocity, and other specific technological design features<br>274, 339: Measurement of beam width<br>275, 340: Description of completion of scanning cycle<br>276, 341: Photographs of internal construction and components of system<br>283, 348: Chart containing detailed information regarding the components and sub-systems used in building the Rapiscan Secure 1000<br><br>This information is contained within two nearly identical reports on |

| | | | | radiation emissions by the Rapiscan system, conducted for TSA by the Johns Hopkins University Applied Physics Laboratory (APL) in 2009 and 2010.  This testing was conducted at Rapiscan, which voluntarily hosted APL at its plant and provided a representative unit there, also voluntarily, for radiation and safety testing.

The withheld information specified above was obtained either from the Rapiscan system itself that was provided for testing, or from information provided by Rapiscan in connection with the testing. This information is not of the type Rapiscan would normally release to the public.  Moreover, its release is likely to cause Rapiscan substantial competitive harm because it could enable competitors to more effectively design and build their own systems using Rapiscan's proprietary information.  Modica Decl. ¶¶ 4-7; Sotoudeh Decl. ¶¶ 54-58. |
|---|---|---|---|---|
| 284 | 1 | Email<br>Subject: *2400.4 TSA Rapiscan Secure 1000 Reports #3* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| 349 | 1 | Email<br>Subject: *2400.4 TSA Rapiscan Secure 1000 Reports #2* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| 352-355 | 4 | Email<br>Subject:*DHS/TSA Radiation Safety & ANSI N43.17 Standard.* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| | | | (b)(5) (Deliberative Process) | This record also contains portions that were withheld pursuant to exemption (b)(5), the deliberative process privilege.  The withheld excerpts contain discussions, opinions, questions, and answers between agency personnel regarding the extent to which DHS and TSA must comply with consensus standards, as well as the legal authority of The Johns Hopkins Applied Physics Lab vis-a-vis DHS/TSA. |

| 356-358 | 3 | Email Subject: *Assessment of the AS&E Smart Check Body Scanner for Conformance and Radiological Safety Standards.* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| | | | (b)(5) (Deliberative Process) | Portions of these records exchange were redacted pursuant to exemption (b)(5), the deliberative process privilege.  These portions reflect the tentative views of personnel regarding matters related to the release of the 2006 NIST  report on the AS&E SmartCheck. |
| 359-360, 370-372 | 5 | Email Subject: *FW: Backscatter* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| 373-378 | 6 | Email Subject: *RE:Backscatter* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| 379 | 1 | Email Subject: *Airport Body Scanners* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| 381-382, 384-386 | 5 | Email Subject: *Airport Body Scanners* | (b)(6), | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| | | | (b)(5) (Deliberative Process) | This record also contains portions withheld under exemption (b)(5), the deliberative process privilege.  The withheld excerpts consist of draft language and deliberations concerning a DHS/TSA response to the concerns raised by American Airlines pilots. |

| 389-390 | 2 | Email<br>Subject: *Backscatter blog post on WH blog* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| 391-392 | 2 | Email<br>Subject: *Letter from APA President regarding AIT* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
|  |  |  | (b)(5) (Deliberative Process) | This record also contains portions withheld under exemption (b)(5), the deliberative process privilege.  The withheld excerpts consist of the author's reflections regarding concerns raised by the Allied Pilots Association. |
| 393 | 2 | Email<br>Subject: *Having a good...* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| 394 | 1 | Email<br>Subject: *Cnet sedat* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| 395-401 | 7 | Email<br>Subject: *NCRP Media Assistance* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
|  |  |  | (b)(5) (Deliberative Process) | This record also contains portions withheld under exemption (b)(5), the deliberative process privilege.  The withheld portions include the authors' opinions and comments regarding how to respond to pilots' safety and health concerns concerning AIT. |

| 402-403 | 2 | Email<br>Subject: *2010-4 Security Alert Bulletin* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
|---|---|---|---|---|
| 410-411 | 2 | Email<br>Subject: *2010-4 Security Alert Bulletin* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| 419, 421-422, 425-426 | 5 | Email<br>Subject: *NIST telecon with Dr. O'Toole* | (b)(6)<br><br><br><br><br><br>(b)(5) (Deliberative Process) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information.<br><br>A portion of this e-mail is redacted pursuant to exemption (b)(5), the deliberative process privilege.  The redacted portions consist of the opinions of agency personnel regarding statements made in a USA Today article and suggestions for future actions to take regarding the issues raised in the article. |
| 429-431 | 3 | Email<br>Subject: *Question on NIST Backscatter Work* | (b)(6),<br><br><br><br><br><br>(b)(5) (Deliberative Process) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information.<br><br>A portion of this e-mail is redacted pursuant to exemption (b)(5), the deliberative process privilege.  The redacted portions contain questions and opinions regarding the upcoming release of the 2006 report by Frank Cerra on the AS&E SmartCheck. |

| 432-433 | 2 | Email<br>Subject: *TSA Contact.* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
|---|---|---|---|---|
| 434-439 | 6 | Email<br>Subject: *FW: FW: Assessment of the AS&E Smart Check Body Scanner for Conformance and Radiological Safety Standards.* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| | | | (b)(5) (Deliberative Process) | A portion of this e-mail is redacted pursuant to exemption (b)(5), the deliberative process privilege.  The redacted portions contain questions and opinions regarding the upcoming release of the 2006 report by Frank Cerra on the AS&E SmartCheck. |
| 440-448 | 9 | Email<br>Subject: *FW: AIT Info.* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| | | | (b)(5) (Deliberative Process) | A portion of this e-mail is redacted pursuant to exemption (b)(5), the deliberative process privilege.  The redacted portions contain the authors' discussions and opinions regarding reactions to the government's response to the UCSF letter of concern, and future steps to take to address these reactions. |
| 451, 453 | 2 | Email<br>Subject: *FW: Airport Scanners* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |

| 459 | 1 | Email<br>Subject: *TSA Blog Post: TSA Myth or Fact: Leaked Images, Handcuffed Hosts, Religious Garb and More!* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| | | | (b)(5) (Deliberative Process) | A portion of this e-mail is redacted pursuant to exemption (b)(5), the deliberative process privilege.  The redacted portion contains the author's personal reflections regarding public reactions to AIT. |
| 460, 466 | 2 | Email<br>Subject: *Backscatter backlash* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| | | | (b)(5) (Deliberative Process) | A portion of this e-mail is redacted pursuant to exemption (b)(5), the deliberative process privilege.  The redacted portion contains the authors' opinions regarding flyers concerning AIT radiation safety being distributed at an airport. |
| 461-462 | 2 | Email<br>Subject: *Fw: airport scan questions still unanswered?* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| | | | (b)(5) (Deliberative Process) | A portion of this e-mail is redacted pursuant to exemption (b)(5), the deliberative process privilege.  The redacted portions contain the authors' opinions regarding reception of certain scientific studies regarding AIT and radiation by the scientific community and the public, and suggestions regarding future steps TSA and FDA should take to clarify these issues. |

| 463-465 | 3 | Email<br>Subject: *2010-4 Security Alert Bulletin.* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| | | | (b)(5) (Deliberative Process) | A portion of this e-mail is redacted pursuant to exemption (b)(5), the deliberative process privilege.  The redacted portion contains opinions and suggestions regarding a Security Alert issued by the Air Line Pilots Association. |
| 471-474 | 4 | Email<br>Subject: *APA Radiation Concern.* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| 476-481, 487-488 | 8 | Email<br>Subjects:*Re: News clip; People Scanners* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| | | | (b)(5) (Deliberative Process) | A portion of this e-mail is redacted pursuant to exemption (b)(5), the deliberative process privilege.  The redacted portions contain questions, opinions, and speculations regarding the assertions made in the article discussed in the email chain. |
| 482, 484 | 2 | Email<br>Subject: *CBS conducted their own study. AIT is safe.* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| 490, 493-494 | 3 | Email<br>Subject: *OCC/ENV list serve info on TSA scanners.* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |

| 497-502 | 6 | Email<br>Subject: *Airport X-ray machines.* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
|---|---|---|---|---|
| 503-504 | 2 | Email<br>Subject: *Reminder* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| 505-508 | 4 | Email<br>Subject: *TSA* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| 509-510 | 2 | Email<br>Subject: *NBC - News Anchor - Tom Costello Request* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| 511 | 1 | Email<br>Subject:*TSA-101201-011 - Congressman John Dingell* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| 518-519 | 2 | Email<br>Subject: *Re: FW: Dr. Oz Show on Radiation* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |

| 520-521 | 1 | Email<br>Subject: *Potential hearing* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
|---|---|---|---|---|
| 522 | 1 | Email<br>Subject: *Letter to Mr. Pistole from Congressman Dennis Kucinich* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| 526 | 1 | Email<br>Subject: *UCSF vs UCSF* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| 527 | 1 | Email<br>Subject: *USA Today stories on radiation.* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| | | | (b)(5) (Deliberative Process) | A portion of this e-mail is redacted pursuant to exemption (b)(5), the deliberative process privilege.  The redacted portions contain the author's discussions of steps already taken to provide information to a reporter asking for information about AIT and radiation exposure, and descriptions of future actions that the author anticipates will be taken to address media stories. |
| 530-534 | 5 | Email<br>Subject: *NIST Technical bulletin on testing of AS&E SmartCheck.* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |

| 535, 546 | 2 | Email<br>Subject: *RE: OSTP Letter* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| | | | (b)(5) (Deliberative Process) | A portion of these records is redacted pursuant to exemption (b)(5), the deliberative process privilege.  The redacted portions contain the author's discussions of future steps she intends to take regarding correspondence between Dr. Holdren and UCSF. |
| 547-549 | 3 | Email<br>Subject: *RE: NIST Technical bulletin on testing of AS&E SmartCheck.* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| 550, 552 | 2 | Email<br>Subject: *AG joins the call for TSA to release x-ray safety info.* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| | | | (b)(5) (Deliberative Process) | A portion of this e-mail is redacted pursuant to exemption (b)(5), the deliberative process privilege.  The redacted portions contain opinions and questions regarding Attorney General Blumenthal's statements quoted in the article. |
| 554 | 1 | Email<br>Subject: *UCSF - paper on detection ability.* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |

| 555-556 | 2 | Email<br>Subject: *Long term health study.* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| | | | (b)(5) (Deliberative Process) | A portion of this e-mail is redacted pursuant to exemption (b)(5), the deliberative process privilege.  The redacted portions contain the author's request for input and her stated intentions regarding formulating responses to the quoted Congressional question. |
| 578 | 1 | Email<br>Subject: *affset_trans.* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| 585 | 1 | Email<br>Subject: *Airport Scanners.* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| 586-88 | 3 | Email<br>Subject: *Transmission x-ray* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| | | | (b)(5) (Deliberative Process) | A portion of this e-mail is redacted pursuant to exemption (b)(5), the deliberative process privilege.  The redacted portions contain the authors' speculations and opinions regarding the necessity of testing additional types of AIT machines. |

21

| 591-592 | 2 | Email<br>Subject: *AIT Dosimetry Study - TSIF* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| | | | (b)(5) (Deliberative Process) | Portions of this e-mail is redacted pursuant to exemption (b)(5), the deliberative process privilege.  The redacted portions contain tentative descriptions of future actions TSA may take regarding dosimetry studies at airports, and opinions of government health physicists about the testing methodology. |
| 594-598 | 2 | Email<br>Subject: *AIT PIA* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| | | | (b)(5) (Deliberative Process) | Portions of this e-mail are redacted pursuant to exemption (b)(5), the deliberative process privilege.  The redacted portions contain discussions about possible revisions to parts of TSA's Privacy Impact Assessment concerning radiation safety, and draft language of a potential revision. |
| 599-602 | 4 | Email<br>Subject: *Transmission x-ray* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| | | | (b)(5) (Deliberative Process) | A portion of this e-mail is redacted pursuant to exemption (b)(5), the deliberative process privilege.  The redacted portions contain the authors' speculations and opinions regarding the necessity of testing additional types of AIT machines, as well as opinions and concerns regarding the timeline of possible testing at NIST. |
| 630 | 1 | Email<br>Subject: *Overall discussion of public dose limit.* | (b)(6) | This record contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |

| | | | | |
|---|---|---|---|---|
| 636, 640-41, 645-47, 650, 656-58, 661, 681-84, 687 | 16 | Emails<br>Subject: *FDA regs and other relevant documents for mfr of personnel screening systems.* | (b)(6) | These records contain information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| | | | (b)(5) (Deliberative Process) | Portions of these records are also being withheld in part pursuant to exemption (b)(5), the deliberative process privilege.   The withheld portions consist of deliberations between agency personnel regarding the authority of FDA to regulate health and safety issues pertaining to AIT scanners. |
| 727-728 | 2 | Email<br>Subject: *Transmission x-ray testing.* | (b)(6) | These records contain information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| | | | (b)(5) (Deliberative Process) | Portions of these records are also being withheld in part pursuant to exemption (b)(5), the deliberative process privilege.   The withheld portions consist of discussions regarding potential future testing of transmission x-ray systems by DHS, and an interagency agreement to test such systems. |
| 789-90, 861-64 | 6 | Various | (b)(6) | These records contain information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| | | | (b)(5) (Deliberative Process) | Portions of these records are also being withheld in part pursuant to exemption (b)(5), the deliberative process privilege.   The withheld portions consist of comments concerning potential input by the federal government to a draft standard on ionizing radiation in security systems by the International Atomic Energy Agency. |
| 943-944 | 2 | FW: Dangers of imaging | (b)(6) | These records contain information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| | | | (b)(5) (Deliberative | Portions of these records are being withheld in part pursuant to |

| | | | | |
|---|---|---|---|---|
| | | | Process) | exemption (b)(5), the deliberative process privilege.   The withheld portions consist of opinions concerning a proposed response to a letter from scientists at UCSF concerning backscatter radiation safety. |
| 951-958, 971-72, 980-82, 990-1023 | 47 | Email Subject: Various | (b)(6) | These records contain information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| | | | (b)(5) (Deliberative Process) | Portions of these records are being withheld in part pursuant to exemption (b)(5), the deliberative process privilege.   The withheld portions consist of deliberations concerning a proposed response to a letter by Senators Collins, Coburn, and Burr concerning backscatter radiation safety. |
| 1187-1188 | 2 | Email Subject: *Kucinich Congressional.* | (b)(6) | These records contain information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| | | | (b)(5) (Deliberative Process) | Portions of these records are being withheld in part pursuant to exemption (b)(5), the deliberative process privilege.   The withheld portions consist of internal comments and opinions regarding issues raised in a letter by Rep. Dennis Kucinich on AIT radiation safety. |

## Records withheld in full pursuant to Exemption (b)(5) (deliberative process privilege)

| | | | | |
|---|---|---|---|---|
| 604-05 | 2 | Technology Description: Radiation Exposure of Body Scanners | (b)(5) | Early, internal draft versions of a fact sheet on radiation exposure and AIT. |
| 606 | 1 | Comparison of X-Ray Technologies for Whole Body Imaging | (b)(5) | Internal working DHS document compiling estimates of radiation exposure from various types of AIT machines based on external, unverified data. |

24

| 607 | 1 | Email<br>Subject: *Re_ Smiths transmission x-ray system* | (b)(5)<br>(Deliberative<br>Process)<br><br>(b)(6) | This e-mail is being withheld in full pursuant to exemption (b)(5), the deliberative process privilege.   It contains agency employees' opinions regarding claims made by a particular manufacturer about the dosage emitted by its AIT system.<br><br>This record also contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| --- | --- | --- | --- | --- |
| 608 | 1 | Email<br>Subject: *Draft contents for rad safety white paper.* | (b)(5)<br>(Deliberative<br>Process)<br><br>(b)(6) | This e-mail is being withheld in full pursuant to exemption (b)(5), the deliberative process privilege.   It contains comments and suggested revisions to a draft document on AIT radiation safety.<br><br>This record also contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| 609 | 1 | Email<br>Subject: *Hello* | (b)(5)<br>(Deliberative<br>Process)<br><br>(b)(6) | This e-mail is being withheld in full pursuant to exemption (b)(5), the deliberative process privilege.   It contains comments regarding an upcoming response by the DHS Undersecretary on radiation safety.<br><br>This record also contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| 610 | 1 | Email<br>Subject: *AIT comparison of systems and kilovoltage.* | (b)(5) | This e-mail is being withheld in full pursuant to exemption (b)(5), the deliberative process privilege.   It contains the authors' comments regarding an upcoming response by the DHS Undersecretary on radiation safety. |

| 611-19 | 9 | Email<br>Subject: *TSA AIT SOP Safety Extract* | (b)(5)<br>(Deliberative Process)<br><br>(b)(6) | These records are being withheld in full pursuant to exemption (b)(5), the deliberative process privilege.   They consist of emails forwarding a draft section regarding employee safety from TSA's Advanced Imaging Technology Standard Operating Procedure (SOP), and the draft SOP sections themselves.<br><br>These records also contain information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| 620-629 | 10 | Email<br>Subject: Misc. | (b)(5)<br>(Deliberative Process)<br><br>(b)(6) | These records are being withheld in full pursuant to exemption (b)(5), the deliberative process privilege.   They contain comments on, edits to, and draft versions of a memorandum to the Deputy Secretary of DHS on AIT safety.<br><br>This record also contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| 631-635 | 5 | Email<br>Subject: *Cerra weighs in on skin dose.* | (b)(5)<br>(Deliberative Process)<br><br>(b)(6) | This record is being withheld in full pursuant to exemption (b)(5), the deliberative process privilege.   It consists of comments and suggestions regarding the content of a proposed memorandum to the Deputy Secretary of DHS on AIT radiation safety.<br><br>This record also contains information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| 651-655 | 5 | Email<br>Subject: *Ver 4 lth comments attached* and attached draft memorandum | (b)(5) | These records are being withheld in full pursuant to exemption (b)(5), the deliberative process privilege.   They consist of a draft version of a memorandum to the Deputy Secretary of DHS on AIT safety, with changes tracked, and an email forwarding the draft memorandum. |

| 662-664 | 3 | Email Subject: *Memo on Response to Radiation Concerns* | (b)(5) | These records are being withheld in full pursuant to exemption (b)(5), the deliberative process privilege.   They consist of comments concerning a draft version of a memorandum to the Deputy Secretary of DHS on AIT safety. |
|---------|---|---|---|---|
| 665-680, 688-726 | 55 | Various | (b)(5) (Deliberative Process) | These records are being withheld in full pursuant to exemption (b)(5), the deliberative process privilege.   They consist of draft versions of memorandum on AIT safety, emails containing comments on the drafts, and emails concerning releasing the memoranda and fact sheets on AIT safety to a wider audience. |
| | | | (b)(6) | These records also contain information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| 729-740 | 12 | Email Subject: *Safety concerns related to AIT equipment.* | (b)(5) (Deliberative Process) | These records are being withheld in full pursuant to exemption (b)(5), the deliberative process privilege.   They consist of discussions between agency personnel regarding how to respond to an inquiry from a foreign government concerning AIT radiation safety. |
| | | | (b)(6) | These records also contain information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| 741-742 | 2 | Email Subject: *AIT Radiation measurement standards and approved locations.* | (b)(5) (Deliberative Process) | These records are being withheld in full pursuant to exemption (b)(5), the deliberative process privilege.   They consist of comments concerning a draft version of memorandum on AIT safety. |
| | | | (b)(6) | These records also contain information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| 743-745, 750-752, 1057-1059 | 9 | Draft Standards and testing for radiation safety for Airport backscatter X-Ray systems. | (b)(5) | These records are being withheld in full pursuant to Exemption (b)(5). They are draft versions of a document on AIT radiation safety standards, with changes tracked. |

| 746-749 | 4 | Email<br>Subject: *Getbacks from S&T Explosives Briefing.* | (b)(5)<br>(Deliberative Process) | These records are being withheld in full pursuant to exemption (b)(5), the deliberative process privilege.   They consist of discussions regarding how to respond to an inquiry from a congressional committee concerning AIT radiation safety. |
| | | | (b)(6) | These records also contain information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| 753-84 | 32 | Various | (b)(5)<br>(Deliberative Process) | These records are being withheld in full pursuant to exemption (b)(5), the deliberative process privilege.   They consist of comments and deliberations concerning draft versions of a question-and-answer memorandum to the DHS Secretary concerning backscatter radiation safety, as well as draft versions of the memorandum. |
| | | | (b)(6) | These records also contain information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| 785-88, 792-838 | 51 | Various | (b)(5)<br>(Deliberative Process) | These records are being withheld in full pursuant to exemption (b)(5), the deliberative process privilege.   They consist of comments concerning a draft version of a fact sheet on AIT safety, as well as draft versions of the fact sheet. |
| | | | (b)(6) | These records also contain information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| 839-860, 866-89, 896- 907, 911-942, 949-950 | 72 | Various | (b)(5)<br>(Deliberative Process) | These records are being withheld in full pursuant to exemption (b)(5), the deliberative process privilege.   They consist of comments and revisions concerning a proposed response to a letter from scientists at UCSF concerning backscatter radiation safety, as well as draft versions of the response letter. |
| | | | (b)(6) | These records also contain information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone |

| | | | | numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
|---|---|---|---|---|
| 890-895, 908-910 | 9 | Emails<br>Subject: *NIST/FDA Report* | (b)(5)<br>(Deliberative Process) | These records are being withheld in full pursuant to exemption (b)(5), the deliberative process privilege.   They consist of comments and deliberations regarding the upcoming release of the 2006 Frank Cerra report on the Rapiscan Secure1000. |
| | | | (b)(6) | These records also contain information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| 959-970, 973-979, 983-989, 1024-1048 | 51 | Email<br>Subjects: Various | (b)(5)<br>(Deliberative Process) | These records are being withheld in full pursuant to exemption (b)(5), the deliberative process privilege.   They consist of comments, revisions, and internal memoranda making recommendations concerning a proposed response to a letter by Senators Collins, Coburn, and Burr concerning backscatter radiation safety, as well as draft versions of the response letters and accompanying white paper. |
| | | | (b)(6) | These records also contain information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| 1049-1051 | 3 | Email<br>Subject: *DHS ANSI N43.17 Requirement.* | (b)(5)<br>(Deliberative Process) | Withheld in full pursuant to exemption (b)(5), the deliberative process privilege.  The record consists of contain discussions, opinions, questions, and answers between agency personnel regarding the extent to which DHS and TSA must comply with consensus standards, as well as the legal authority of The Johns Hopkins Applied Physics Lab vis-a-vis DHS/TSA. |
| | | | (b)(6) | These records also contain information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |

29

| 1052-1056 | 5 | Email<br>Subject: Fw: *(URGENT) S1BB - 11.12.10 - Phone Call with Captain John Prater - 11.12.10, 1000* | (b)(5)<br>(Deliberative Process)<br><br>(b)(6) | Withheld in full pursuant to exemption (b)(5), the deliberative process privilege.  The records consist of deliberations concerning a DHS/TSA response to the concerns raised by American Airlines pilots.<br><br>These records also contain information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| 1060-1100, 1108-1146, 1149-1186, 1205-1236 | 150 | Various | (b)(5)<br>(Deliberative Process)<br><br><br>(b)(6) | Withheld in full pursuant to exemption (b)(5), the deliberative process privilege.  The records consist of deliberations concerning a draft NIST technical bulletin on AIT radiation safety, and draft versions of the NIST technical bulletin.<br><br>These records also contain information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| 1101-1107 | 7 | Email<br>Subject: *UCSF Radiologist Comment.* | (b)(5)<br>(Deliberative Process)<br><br>(b)(6) | These records are being withheld in full pursuant to exemption (b)(5), the deliberative process privilege.  They consist of internal comments and deliberations regarding public reaction to concerns raised by UCSF scientists concerning backscatter radiation safety.<br><br>These records also contain information withheld under exemption (b)(6) which would cause a clearly unwarranted invasion of personal privacy. The types of information withheld consist of personal addresses, phone numbers, signatures, and personal email addresses. The privacy interests of the individuals in these emails outweigh any minimal public interest in disclosure of the information. |
| 1147-1148 | 2 | Email<br>Subject: *TSA-101201-011 - Congressman John Dingell.* | (b)(5) | These records are being withheld in full pursuant to exemption (b)(5), the deliberative process privilege.  They consist of internal comments and opinions regarding the issues raised in a letter by Rep. John Dingell on AIT radiation safety. |

**Withheld in full; protected by copyright (Exemption (b)(4))**

| | | | | |
|---|---|---|---|---|
| Withheld-in-full-copyright A | 46 | ANSI HPS N 43. 17-2009, American National Standard report on Radiation Safety for Personnel Security Screening Systems Using X-Ray or Gamma Radiation | (b)(4) | This document is being withheld as it is a publication protected by copyright. |
| Withheld-in-full-copyright B | 43 | NCRP Commentary No. 16, Screening of Humans for Security Purposes Using Ionizing Radiation Scanning Systems | (b)(4) | This document is being withheld as it is a publication protected by copyright. |
| Withheld-in-full-copyright C | 27 | Draft Standard: International Electrotechnical Commission: Radiation Protection Instrumentation-X-Ray Systems for the screening of persons for security and the carrying of illicit items | (b)(4) | This document is being withheld as it is a publication protected by copyright. |
| Withheld-in-full-copyright D | 3 | Physics Today Journal: "Airport checkpoint technologies Take Off," July 2010 | (b)(4) | This document is being withheld as it is a non-U.S. government publication protected by copyright. |

| Withheld-in-full-copyright E | 9 | Radiation Protection Dosimetry, Vol 21, No, 4, pp, 429 437 (2006): DETERMINATION OF AMBIENT AND PERSONAL DOSE EQUIVALENT FOR PERSONNEL AND CARGO SECURITY SCREENING | (b)(4) | This document is being withheld as it is a publication protected by copyright. |
|---|---|---|---|---|
| Withheld-in-full-copyright F | 35 | Journal of ICRU Report 84, Vol. 10 No. 2, Reference Data for the Validation of Doses from Cosmic Radiation Exposure of Aircraft Crew | (b)(4) | This document is being withheld as it is a publication protected by copyright. |
| Withheld-in-full-copyright G | 7 | NCRP Report No 160 Section 7-3: Ionizing Radiation Exposure of the Population of the United States | (b)(4) | This document is being withheld as it is a publication protected by copyright. |
| Withheld-in-full-copyright H | 7 | Radiation Protection Dosimetry, Advance Access published November 9, 2010: THE DOSE FROM COMPTON BACKSCATTER SCREENING | (b)(4) | This document is being withheld as it is a non-U.S. government publication protected by copyright. |

# Exhibit B to
# Declaration of Bert Coursey

U.S. Department of Homeland Security
Washington, DC 20528



September 8, 2010

Ms. Ginger McCall
Staff Counsel
Electronic Privacy Information Center
1718 Connecticut Avenue
Suite 200
Washington D.C.  20009

Re: **DHS/OS/PRIV 10-0869**

Dear Ms. McCall:

This letter is the final response to your July 13, 2010 Freedom of Information Act (FOIA)
request addressed to the Department of Homeland Security (DHS) Privacy Office.  You
requested copies of all records concerning TSA tests, regarding body scanners and
radiation emission or exposure; and all records concerning third party tests regarding
body scanners and radiation emission or exposure.  While processing your request, the
Privacy Office found that if such documents exist, they would fall under the purview of
the Science and Technology Directorate.  Your request was received in this office on
August 2, 2010.

We conducted a comprehensive search of files within the Test & Evaluation and
Standards Division for records that would be responsive to your request.  While
processing this FOIA request, we identified records that belong to the Transportation
Security Administration (TSA).  We have sent such documents to TSA for review and
determination for releasability.  The Science and Technology Directorate (S&T) found no
other records in response to this request.

While an adequate search was conducted, you have the right to appeal this determination
that no records exist within S&T that would be responsive to your request.  Should you
wish to do so, you must send your appeal and a copy of this letter, within 60 days of the
date of this letter, to:  Associate General Counsel (General Law), U.S. Department of
Homeland Security, Washington, D.C. 20528, following the procedures outlined in the
DHS FOIA regulations at 6 C.F.R. § 5.9.  Your envelope and letter should be marked
"FOIA Appeal."  Copies of the FOIA and DHS regulations are available at
www.dhs.gov/foia.

Provisions of the FOIA allow us to recover part of the cost of complying with your
request.  In this instance, because the cost is below the $14 minimum, there is no charge.

If you have any questions, please contact this office at (202) 254 6819 and refer to
**S&T 10-0003.42.**

Sincerely,

Nicole Marcson
Assistant General Counsel
Science and Technology Directorate