# Exhibit 5
# Declaration of Peter Modica

## DECLARATION OF PETER MODICA

Pursuant to 28 U.S.C. § 1746, I, Peter Modica, hereby declare as follows:

1. I am currently employed by Rapiscan Systems, Inc. ("Rapiscan"). I have been employed by Rapiscan for 16 years, and am currently the Vice President, Product Line Management, which includes oversight of all product research and development projects. In this role, I have firsthand knowledge regarding the Transportation Security Administration ("TSA") AIT Contract, and I have oversight responsibility for all contract performance and deliverables. I have personal knowledge of the facts stated herein, and if called as a witness in any proceeding, I would be competent to testify to the following facts.

2. This declaration is being provided at the request of the Department of Justice for use in litigation related to certain Freedom of Information ("FOIA") requests seeking certain documents either provided by and/or related to Rapiscan. Attachment 1 to this declaration is a list of documents that I have been informed are at issue in the litigation. I am familiar with the contents of these documents and have carefully reviewed them.

3. While not intended to be an exhaustive list of all categories of information Rapiscan considers to be proprietary, release of (a) any information revealing confidential technical specification and operational settings of its scanner

systems; and, (b) information revealing the component parts of Rapiscan's scanner system would cause Rapiscan substantial competitive harm in future government and commercial procurements. In Attachment 1 to this declaration, I have attempted to indicate which of the foregoing types of information are included in the documents at issue in the present FOIA litigation.

### Information revealing confidential technical specification and operational settings of its scanner systems

4. Rapiscan would suffer substantial competitive harm if design information of its Secure 1000 scanner system at issue here were made available to a competitor. The ability to design and build the most effective and efficient scanner system is an extremely important part of the competitive landscape for scanner systems. Rapiscan considers the design for its Secure 1000 system an important technical achievement that gives it a decisive advantage over its competitors. This design information has not been made public. Access to such design information would permit a competitor to more effectively design and build its own systems and would, therefore, cause Rapiscan substantial competitive injury.

5. Rapiscan's confidential design specifications, including the operational settings it uses, would not normally be disclosed to the public. Rapiscan does not publish its design specifications and it has not shared this information with competitors. Rapiscan takes precautions to secure such information and to prevent its disclosure. Rapiscan does not consider the disclosure of its confidential design

specifications, including information revealing the component settings of its Secure 1000 system, to be a mere "cost of doing business" with the government.

<u>Information revealing the component parts of Rapiscan's scanner system</u>

6.  Rapiscan would suffer substantial competitive harm if the component parts of its Secure 1000 scanner system at issue here were made available to a competitor. It is axiomatic that the ability to design and build the most effective and efficient scanner system is an extremely important part of the competitive landscape for scanner systems. The component parts, including manufacturer information, that Rapiscan uses in the design and construction of the Secure 1000 system are a very important aspect of the overall design and construction of the system. Rapiscan considers the design for its Secure 1000 system an important technical achievement that gives it a decisive advantage over its competitors. The component parts, including manufacturer information, that Rapiscan uses in the design and construction of the Secure 1000 system are a very important aspect of the overall design and construction of the system. This design information has not been made public. Access to such design information would permit a competitor to more effectively design and build its own systems and would, therefore, cause Rapiscan substantial competitive injury.

7.  Rapiscan's confidential design specifications, including component parts and manufacturer information, that Rapiscan uses in the design and construction of the Secure 1000, would not normally be disclosed to the public.

Rapiscan does not publish its design specifications and it has not shared this information with competitors. Rapiscan takes precautions to secure such information and to prevent its disclosure. Rapiscan does not consider the disclosure of its confidential design specifications, including component part information of its Secure 1000 system, to be a mere "cost of doing business" with the government.

8. Rapiscan voluntarily submitted many of the documents at issue in the current FOIA litigation. Rapiscan would be less likely to voluntarily submit similar information to the Government in the future if doing so would result in the disclosure of its proprietary information.

9. Having worked in the scanner systems industry for over a decade, I understand that competitive environment in which Rapiscan competes. Further, I am familiar with the firms against which Rapiscan competes.

10. The market for advanced imaging technology is highly competitive both in the United States and in Europe, as well as around the world. In such a competitive environment, contractors seek any increment of useful information about their competitors' businesses because obtaining that information could give them a decisive advantage.

11. As TSA is well aware, there is considerable "actual competition" for the provision of scanner systems to the United States government. For instance, Rapiscan expects that the TSA will procure 500 AIT systems (which is synonymous with Rapiscan's Secure 1000 systems), as specified in the FY2011 appropriations

bill. Rapiscan expects other firms to compete for this work. These firms would benefit from Rapiscan's confidential testing data and design information because they could more effectively design their scanner systems and structure their proposals to compete with Rapiscan.

I declare under penalty of perjury that the foregoing is true and correct

_____
Peter Modica

Date executed: August 31, 2011

- 6 -

## ATTACHMENT 1

|  | DOCUMENT DESCRIPTION | REDACTIONS | PARAGRAPH |
|---|---|---|---|
| Rapiscan | Frank Cerra, Assessment of the Rapiscan Secure 1000 Body Scanner for Conformance with Radiological Safety Standards, July 21, 2006 TSA74-105 (duplicate at TES124-155) | TSA77, 86 TES127, 136 | 4,5,6,7 |
| Rapiscan | David Bogdan, Radiation Safety Engineering Assessment of the Rapiscan Secure 1000, preliminary quick look brief, Aug. 10, 2009, TSA178-191 | TSA191 | 4,5 |
| Rapiscan | Radiation Safety Engineering Assessment Report for the Rapiscan Secure 1000 in Single Pose Configuration; Johns Hopkins University Applied Physics Laboratory (Oct. 2009 and Aug. 2010), TES224-348 | TES236-240, 241, 244, 247, 252-254, 260, 267-269, 272-276, 301-304, 306, 309, 312, 317-319, 325, 332-334, 337-41, 348. | 4,5,6,7 |
| Rapiscan | EMC Test Reports by TUV (Third party reports on emissions and electrical safety) regarding Rapiscan Secure 1000, TSL1199-1360 | TSL1273, 1282-83, 1286-90, 1316, 1326-27, 1333 | 4,5,6,7 |