IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER<br><br>    Plaintiff,<br>    v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY<br><br>    Defendant. | No. 1:10-01992 (ABJ) |

## PLAINTIFF'S STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE

In accordance with LCvR 7(h), Plaintiff the Electronic Privacy Information Center submits this statement of material facts not in genuine dispute in support of its cross motion for summary judgment.

1. On July 13, 2010, EPIC transmitted its written FOIA request ("EPIC's FOIA request) to DHS for the following agency records:

    a. All records concerning TSA tests regarding body scanners and radiation emission or exposure;

    b. All records concerning third party tests regarding body scanners and radiation emission or exposure.

    Declaration of Paul Sotoudeh at ¶ 4; Def. Motion for Summ. Judg. at 3-4.

2. EPIC asked the agency to expedite its response to EPIC's FOIA request and requested "News Media" fee status under FOIA, based on its status as a "representative of the news media." EPIC further requested waiver of all duplication fees. Def. Motion for Summ. Judg. at 3-4.

3. On July 29, 2010, DHS acknowledged receipt of EPIC's FOIA Request and stated that it had determined that the records sought by EPIC were in the possession of the TSA and the Science and Technology ("S&T") directorate, a component of the agency. The agency referred the request to TSA and S&T. Declaration of Paul Sotoudeh at ¶ 6.

4. On August 12, 2010, TSA wrote to EPIC denying the request for a fee waiver and for expedited processing. Declaration of Paul Sotoudeh at ¶ 8.

5. EPIC appealed both denials by the TSA on August 27, 2010. Declaration of Paul Sotoudeh at ¶ 9.

6. The TSA failed to make a timely determination regarding EPIC's initial request and its appeal regarding fee waiver and expedited processing. Declaration of Paul Sotoudeh at ¶ 11.

7. EPIC again appealed to the TSA on October 21, 2010, this time challenging the agency's denial of fee waiver and failure to make a timely determination regarding EPIC's request. Compl., ¶ 42.

8. On September 3, 2010, S&T responded to EPIC, denying EPIC's request for a fee waiver. Compl., ¶ 38.

9. S&T failed to make a timely determination regarding EPIC's request. Declaration of Bert Coursey at ¶ 18, 24; Declaration of Pamela Beresford at ¶ 26.

10. On October 21, 2010, EPIC appealed S&T's fee waiver determination, along with S&T's failure to make a timely determination regarding EPIC's request. Compl., ¶ 47.

11. The agency failed to make a timely response to EPIC's appeals. Compl., ¶ 46, 49.

12. After the agency failed to comply with the statutory deadline to reply to EPIC's appeal, EPIC filed suit on November 19, 2010. Def. Motion for Summ. Judg. at 9.

13. On June 6, 2011, after the filing of this lawsuit, TSA produced 126 pages of responsive documents. Def. Motion for Summ. Judg. at 9.

14. On June 21, 2011, TSA produced an additional 69 pages and S&T produced 1677 pages of responsive documents. Def. Motion for Summ. Judg. at 9.

15. On September 7, 2011, the agency released an additional 208 pages of documents. Def. Motion for Summ. Judg. at 10.

16. The agency has withheld documents, in full and in part, and has asserted exemptions (b)(3), (b)(4), and (b)(5) as the basis for its determinations. Def. Motion for Summ. Judg. at 13.

Respectfully submitted,

　　　　　*/s/ Ginger McCall*　　　　
MARC ROTENBERG
JOHN VERDI
GINGER MCCALL
Electronic Privacy Information Center
1718 Connecticut Ave. NW
Suite 200
Washington, DC 20009
(202) 483-1140
*Counsel for Plaintiff*

Dated: October 31, 2011