**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                                                           )
ELECTRONIC PRIVACY INFORMATION CENTER, )
                                                                           )
       Plaintiff,                                    )
                                                                           )
       v.                                                 ) Case No. 1:10-cv-1992 (RCL)
                                                                           )
THE UNITED STATES DEPARTMENT OF           )
HOMELAND SECURITY,                                     )
                                                                           )
       Defendant.                                    )
_____)

**DEFENDANT'S SURREPLY IN OPPOSITION TO PLAINTIFF'S
MOTION FOR ATTORNEYS' FEES AND COSTS**

In opposing EPIC's motion for fees and costs, Defendant noted that substantially identical fee records in this matter and in Case No. 11-290 beginning on March 21, 2013 raised strong inferences of double-billing. See Def.'s Opp. at 24-27. Defendant gave EPIC the benefit of the doubt, noting that perhaps EPIC's attorneys had simply divided in half their total time spent between the two cases, id. at 25, or that any double-billing, if it occurred, may have been negligent rather than intentional, id. at 27. Because EPIC's reply brief confirms that EPIC intentionally billed the government twice for the same time, the Court should deny EPIC's fee petitions in both cases in their entirety.

In its reply, EPIC brazenly admits to intentionally billing the government twice for the same time. See Pl.'s Reply at 18 ("Because both matters were discussed in these meetings and communications, EPIC billed both cases for the time spent in these conferences, hearings, and communications."). EPIC further argues, incredibly, that such a practice is permissible because it is seeking statutory fees from federal taxpayers rather than billing one or more private clients. See id. (seeking to distinguish double-billing cases by arguing that "in neither of these matters

has EPIC entered into an 'attorney-client' relationship with any individual or group"); see also Case No. 11-290, ECF No. 30, at 15 ("[T]his is not a case where a client's rights are at stake.").

EPIC's "victimless crime" argument is unsupported by any citation to authority, and indeed, the law is precisely the opposite. An attorney seeking to collect statutory fees steps into the shoes of an attorney billing a client, and is bound by the same professional and ethical obligations of reasonable hours and "billing judgment." See Hensley v. Eckerhart, 461 U.S. 424, 434 (1983) ("Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority.") (quoting Copeland v. Marshall, 641 F.2d 880, 891 (1980) (en banc) (emphasis in original)). Moreover, attorneys seeking fees from the public fisc face a higher bar, not a lower one, than those representing private clients. See American Petroleum Institute v. EPA, 72 F.3d 907, 912 (D.C. Cir. 1996) ("[I]tems of expense or fees that may not be unreasonable between a first class law firm and a solvent client, are not [always] supported by indicia of reasonableness sufficient to allow us justly to tax the same against the United States.") (quotation omitted). Thus, the double-billing prohibition plainly applies to attorneys seeking to bill the government multiple times for the same hours in two or more cases, as EPIC has done here. See In re Tun, 26 A.3d 313, 314 (D.C. 2011); (suspending attorney's license for billing D.C. Superior Court for same time periods in multiple cases); Disciplinary Counsel v. Holland, 835 N.E.2d 361 (Ohio 2005) (suspending court-appointed attorney for double-billing juvenile court, where attorney routinely claimed fees for the entirety of court sessions for each case in which the attorney appeared during the session).[1] Indeed, in certain contexts, the billing of federal taxpayers twice for the same work is not merely unethical, but

---

[1] EPIC's conduct in this matter – though not as great in scope – bears striking resemblance to that of the attorney in Holland, as in both 10-1992 and 11-290, it claimed fees for the entirety of a court appearance during which both cases were discussed. See Def.'s Opp. at 25.

criminal. E.g., United States v. Patient Transfer Service, Inc., 413 F.3d 734, 741 (8th Cir. 2005) (upholding conviction for fraud based on defendant billing Medicare twice for mileage when two patients were moved at once).[2]

EPIC's argument that it is allowed to double-bill because "in the goal of efficiency, [it] allowed [fee matters in this case and Case No. 11-290] to be discussed together," and that "EPIC could have insisted on denying the government's request to consider the two matters as one, with an identical result," is equally lacking of merit. In arguing that the Court should reward it – with a double payment – for magnanimously declining to act in a needlessly inefficient manner, (for example, by insisting that discussions of the two cases take place in separate phone calls, e-mails, or meetings), EPIC turns the "billing judgment" requirement on its head. Attorneys are expected to act efficiently and to expend no more time than is necessary to complete a task. Meeting that basic standard is not grounds for charging twice for the same time.[3]

As Defendant argued in its opposition brief, the intentional practice of double-billing is grounds for denying a fee petition in its entirety. See Keener v. Dep't of Army, 136 F.R.D. 140, 150-51 (M.D. Tenn. 1991) (denying fee petition and referring counsel to disciplinary

---

[2] EPIC's statement that it has not "entered into any 'attorney-client relationship' with any individual group," Pl.'s Reply at 18, is puzzling. This Circuit has found that organizations represented by in-house counsel, such as EPIC, are generally eligible for FOIA attorneys' fees (whereas pro se individual plaintiffs are not) precisely because "'the organization is always represented by counsel, whether in-house or pro bono, and thus, there is always an attorney-client relationship.'" Baker & Hostetler LLP v. U.S. Dept. of Commerce, 473 F.3d 312, 325 (D.C. Cir. 2006) (quoting Kay v. Ehrler, 499 U.S. 432, 436 n.7 (1991)) (emphasis added)). Thus, because the existence of an attorney-client relationship is the sine qua non of EPIC's ability to seek attorneys' fees in the first place, it cannot argue that its attorneys are entitled to double-bill because no such relationship exists.

[3] Moreover, even absent any agreements between the parties to discuss the cases together, certain tasks would have overlapped, such as the April 17, 2013 status conference scheduled by the Court for which each of EPIC's two attorneys impermissibly billed the full time of the conference to both cases. See Def.'s Opp. at 25.

proceedings because plaintiff sought the same fees from both Department of Army and Department of Labor), aff'd, 1992 WL 34580 (6th Cir. 1992);[4] Resolution Trust Corp. v. 12A Associates, 782 F. Supp. 270, 272 (S.D.N.Y. 1992) (striking request for attorneys' fees because mortgagee had, inter alia, billed mortgagor twice for same time, calling such conduct "sub-standard and unprofessional"). As EPIC has now conceded that its attorneys – all of whom signed declarations attesting to their hours spent on each case under penalty of perjury – have double-billed the government for the same time in two cases, denial of EPIC's fee petitions in their entirety is appropriate. If the Court merely awards EPIC any reasonable fees to which they may be entitled, "claimants would be encouraged to make unreasonable demands, knowing that the only unfavorable consequence of such misconduct would be reduction of their fee to what they should have asked for in the first place." Brown v. Stackler, 612 F.2d 1057, 1059 (7th Cir. 1980). Rather, "a severer reaction is needful" here to deter such conduct by this Plaintiff and others in the future. Id.

While "billing judgment" may be open to interpretation in some circumstances, if the term is to have any meaning, it is that an attorney may not bill two hours while working only one. Because EPIC has admitted to doing so intentionally, its entire fee petition should be denied.

---

[4] Contrary to EPIC's misstatement, Keener involved a fee petition where, as here, the attorney "went to extraordinary lengths to double-bill two government agencies," and "Counsel has sought reimbursement from the Army and the Labor Department for the same services." 136 F.R.D. at 149-50. The Court found that this and other conduct demonstrated that the fee petition "is grossly and intolerably exaggerated and was filed in bad faith." Id. at 149. The Court further found that "[b]y including over 200 hours in his Army fee petition that were also billed to the Department of Labor, Counsel has sought to perpetrate a fraud upon this Court. " Id. at 150. The Court was greatly troubled that the fee petitioner (like EPIC here) "failed to appreciate the impropriety of his fee-arrangement and double-billing." Id. at 151. Therefore, in addition to denying the fee petition, imposing Rule 11 sanctions, and referring counsel to the bar for disciplinary proceedings, the Court ordered the attorney to complete a legal education program in legal ethics. Id. at 151.

| | |
|---|---|
| Date: May 30, 2013 | Respectfully submitted,<br><br>STUART F. DELERY<br>Acting Assistant Attorney General<br><br>RONALD S. MACHEN JR.<br>United States Attorney for<br>the District of Columbia<br><br>ELIZABETH J. SHAPIRO<br>Deputy Branch Director<br><br>*/s/ Joseph Mead*     _<br>JOSEPH MEAD<br>JESSE GRAUMAN<br>Trial Attorneys<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>20 Massachusetts Avenue, N.W.<br>Washington, D.C. 20530<br>Telephone: (202) 305-8546<br>Fax: (202) 305-8517<br>Email: joseph.w.mead@usdoj.gov<br><br>Attorneys for Defendant |