**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                                    )
ELECTRONIC PRIVACY                      )
INFORMATION CENTER                     )
                                                    )
    Plaintiff,                              )
    v.                                           )    No. 1:10-01992 (RCL)
                                                    )
UNITED STATES DEPARTMENT OF     )
HOMELAND SECURITY                    )
                                                    )
    Defendant.                           )
_____)

### PLAINTIFF'S MOTION FOR JUDICIAL NOTICE OF EXHIBITS

Pursuant to Federal Rule of Evidence 201 and the authorities cited below, plaintiff

Electronic Privacy Information Center ("EPIC") hereby requests that this Court take

Judicial Notice of the following documents:

- Secondary Order, *In re Application of the Federal Bureau of Investigation for an Order Requiring the Production of Tangible Things From Verizon Business Network Services, Inc. on Behalf of MCI Communication Services, Inc. D/B/A Verizon Business Services*, Dkt. No. BR 13-80 (Foreign Intelligence Surveillance Court), Apr. 25, 2013, attached hereto as Exhibit A.

- Ed O'Keefe*, Transcript: Dianne Feinstein, Saxby Chambliss Explain, Defend NSA Phone Records Program,* Washington Post, June 6, 2013, available at: http://www.washingtonpost.com/blogs/post-politics/wp/2013/06/06/transcript-dianne-feinstein-saxby-chambliss-explain-defend-nsa-phone-records-program/, attached hereto as Exhibit B.

- Bill, Verizon Business Network Services, Electronic Privacy Information Center, October 2011, attached hereto as Exhibit C.

Currently pending before this Court is EPIC's motion for fees, the government's

opposition, EPIC's reply, and the government's proposed sur-reply, which EPIC has

opposed. In its motions, the government has made certain charges regarding EPIC's

billing practices.  EPIC now asks this Court to take judicial notice of the fact, established

by the exhibits attached, that throughout this litigation the government routinely obtained the telephone billing records of opposing counsel.

A district court may take judicial notice of facts that are "not subject to reasonable dispute in that [they are] either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate an ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Weinstein v. Islamic Republic of Iran*, 175 F. Supp. 2d 13, 16 (D.D.C. 2001)(quoting Fed. R. Evid. 201 of the Federal Rules of Evidence). Furthermore the Federal Rules of Evidence *require* a court to take judicial notice of a matter "if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d); *see also In re Ravisent Technologies, Inc. Sec. Litig.,* No. 00-cv-1014, 2004 WL 1563024 at *2 (E.D.Pa. July 12, 2004).

Exhibits A-C are an Order of the Foreign Intelligence Surveillance Court; a news story from a national newspaper that operates within the Court's jurisdiction; and a bill establishing EPIC's status as a Verizon Business Network Services customer during the pendency of this litigation. In regards to the court order and news story, it is well-established that a court may take judicial notice of matters of public record. *Covad Comms. Co. v. Bell Atlantic Corp.,* 407 F.3d 1220, 1222 (D.C.Cir. 2005) (courts may take judicial notice of matters of public record) (citing *Marshall County Health Care Auth. V. Shalala,* 988 F.2d 1221, 1228 (D.C. Cir. 1993)); *Jones v. Lieber*, 579 F. Supp. 2d 175, 177 (D.D.C. 2008) (citing *Covad*, 407 F.3d at 1222). Specifically, federal courts may take judicial notice of proceedings in other courts both within and outside of the federal judicial system, if those proceedings have a direct relation to matters at issue. *Covad*, 407

F.3d at 1222; *Jones v. Lieber*, 579 2d. at 177. Courts may also take judicial notice of newspaper stories. *See* Fed. R. Evid. 201(c); *Washington Post v. Robinson,* 935 F.2d 282, 291 (D.C. Cir. 1991) (citing *Agee v. Muski*, 629 F.2d 80, 81 n. 1, 90 (D.C.Cir.1980) (taking judicial notice of facts generally known as a result of newspaper articles). Generally, "judicial notice may be taken of historical, political, or statistical facts, or any other facts that are verifiable with certainty." *U.S. v. Philip Morris USA*, Inc., No. Civ.A.99-2496, 2004 WL 5355971 at *1 (D.D.C. Aug. 2, 2004).

Exhibit C is EPIC's Verizon Business Network Services bill for the time period during which EPIC drafted its Cross Motion for Summary Judgment. This document is "capable of accurate an ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Taken together, these exhibits show that opposing counsel, the Department of Justice, routinely obtained, perhaps on a daily basis, the telephone records of counsel for plaintiff Electronic Privacy Information Center. *See* Exhibit A. According to public statements of the Chairman and Ranking Members of Senate Select Committee on Intelligence, this surveillance has been conducted continually for the last seven years. Exhibit B. For the duration of this litigation, EPIC has been a customer of Verizon Business Network Services. Exhibit C. These documents are offered to show that opposing counsel's agency has been surveilling EPIC's phone usage for the pendency of this litigation, in contravention of EPIC's attorney-client privilege. The government's collection of EPIC's telephone data implicates attorney-client privilege. *See generally* Upjohn Co. v. United States, 449 U.S. 383, 389 (1981) (" the attorney-client privilege is the oldest of the privileges for confidential communications known to the common law.);

*Al Odah v. United States,* 346 F. Supp. 2d 1 (D.D.C. 2004) ("The privilege that attaches to communications between counsel and client has long held an exceptional place in the legal system in the United States.") *See also Clapper v. Amnesty Int'l USA,* 133 S.Ct. 1138, 1154, 1164 (2013); Model Rules of Prof'l Conduct R. 8.4 (c)-(d) (2013); Model Rules of Prof'l Conduct 8.4 at Comment 2.[1] Thus, they are appropriate subject for judicial notice pursuant to Federal Rule of Evidence 201(b)(2).

For the foregoing reasons, the Court may properly consider these exhibits.

Respectfully submitted,

MARC ROTENBERG

_____*/s/ Ginger McCall*_____
GINGER MCCALL
Electronic Privacy Information Center
1718 Connecticut Ave. NW, Suite 200
Washington, DC 20009
(202) 483-1140
*Counsel for Plaintiff*

Dated: June 13, 2013

---

[1] The Model Rules of Professional Responsibility, adopted by the District of Columbia, prohibit an attorney from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation, or engaging in conduct that seriously interferes with the administration of justice. Model Rules of Prof'l Conduct R. 8.4 (c)-(d) (2013). This includes conduct seen as "prejudicial to the administration of justice." Model Rules of Prof'l Conduct 8.4 at Comment 2.